## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JEVIC HOLDING CORP., *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 08-11006 (BLS) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the bankruptcy estates of JEVIC HOLDING CORP., *et al.*,<br><br>    Plaintiff,<br><br>        v.<br><br>THE CIT GROUP/BUSINESS CREDIT, INC., in its capacity as Agent, *et al.*,<br><br>    Defendants. | Adv. Pro. No. 08-51903 (BLS) |

## OPENING BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE
## CHAPTER 7 TRUSTEE AS REAL PARTY IN INTEREST

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Michael J. Barrie (No. 4684)
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

*Special Litigation Counsel for
George L. Miller, Chapter 7 Trustee*

Dated:  April 12, 2019

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Jevic Holding Corp. (8738), Creek Road Properties, LLC (9874) and Jevic Transportation, Inc (3402).

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................... i

**PRELIMINARY STATEMENT** ................................................................................. 1

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING** ......................... 2

**SUMMARY OF THE ARGUMENT** ............................................................................ 3

**CONCISE STATEMENT OF FACTS** ......................................................................... 3

**ARGUMENT** ........................................................................................................ 3

**CONCLUSION** ..................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Claridge Assocs., LLC v. Schepis (In re Pursuit Capital Mgmt., LLC)*,
   595 B.R. 631 (Bankr. D. Del. 2018) ...........................................................................4

*Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*,
   13 F.3d 69 (3d Cir. 1993)...........................................................................................4

*Pacamor Bearings v. Minebea Co.*,
   892 F. Supp. 347 (D.N.H. 1995)..................................................................................4

*In re Rachles, Inc.*,
   131 B.R. 782 (Bankr. D.N.J. 1991) .............................................................................4

**Statutes**

11 U.S.C. § 510.........................................................................................................3

11 U.S.C. § 544(b) .................................................................................................3, 4

11 U.S.C. § 547.........................................................................................................3

11 U.S.C. § 548......................................................................................................3, 4

11 U.S.C. § 550.........................................................................................................3

**Other Authorities**

Federal Rules of Bankruptcy Procedure Rule 7025......................................................3

Federal Rules of Civil Procedure Rule 25(c) ...........................................................3, 4

## PRELIMINARY STATEMENT

On December 31, 2008, the Official Committee of Unsecured Creditors (the "Committee") of the bankruptcy estates of Jevic Holding Corp., Jevic Transportation Inc., and Creek Road Properties LLC (collectively, the "Debtors") timely commenced the above-captioned adversary proceeding (the "Action"), on behalf of the Debtors, against CIT Group/Business Credit, Inc., in its capacity as Agent ("CIT"), which was later amended to add Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc. (collectively, "Sun" and, together with CIT, "Defendants") as defendants. Following CIT's unsuccessful motion to dismiss, the parties reached a settlement of the claims and causes of action asserted against them by the Committee in the operative *Second Amended Complaint and Objection to Claims* [D.I. 43] (the "Complaint"). This Court approved the settlement on December 4, 2012, but after nearly five (5) years of appeals, culminating with the United States Supreme Court's March 22, 2017 decision, the Action was remanded to this Court. On May 22, 2018, following a failed second attempt to approve a settlement, the Court converted the Debtors' bankruptcy cases from chapter 11 to chapter 7 proceedings. Thereafter, George L. Miller, was appointed as the chapter 7 trustee (the "Trustee") of the Debtors' bankruptcy estates.

As a result of the conversion of the Debtors' bankruptcy cases to proceedings under chapter 7 or title 11 of the United States Code (the "Bankruptcy Code"), the Committee—which *de jure* has been dissolved—is no longer able to prosecute the Complaint. Nothing, however, impairs or abridges the Trustee's ability, right, or interest in prosecuting the Complaint. In fact, as the claims alleged against Defendants represent the last material source of recovery for the creditors of the Debtors' estates, the Trustee's continued and uninterrupted prosecution of the

Complaint is critical.  Accordingly, by the Motion,[1] the Trustee requests that he be substituted for the Committee as the proper party plaintiff in the Action.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On December 31, 2008, the Committee commenced this Action by filing a complaint against CIT [D.I. 1].  On January 30, 2009, CIT moved to dismiss the complaint [D.I. 5].  On June 30, 2010, the Committee amended the complaint to add the Sun entities as defendants [D.I. 17].  Sun answered the amended complaint on September 27, 2010 [D.I. 21].  Following supplemental briefing on CIT's motion to dismiss, on September 15, 2011, the Court issued an Opinion and Order granting in part and denying in part the motion [D.I. 40, 41].  Thereafter, on October 7, 2011, the Committee filed the operative second amended Complaint [D.I. 43], which Sun and CIT answered on November 4, 2011 [D.I. 44, 45].  CIT also asserted a counterclaim via its answer, which the Committee answered on November 23, 2011 [D.I. 47].

Following discovery, on June 27, 2012, the Debtors, the Committee, and Defendants filed a joint motion to approve a settlement of the Action [D.I. 67].  On December 4, 2012, the Court entered an Order approving the settlement [D.I. 78], which was timely appealed by certain former employees of the Debtors [D.I. 79].  In accordance with the Supreme Court's March 22, 2017 decision, on May 9, 2017, the Third Circuit issued a Judgment Order remanding the matter to the District Court with direction to vacate this Court's judgment and remand the matter back to this Court for further proceedings [D.I. 92].

After the matter was remanded to this Court, the Debtors, the Committee, and Defendants filed a second joint motion to approve a settlement of the Action [D.I. 99].  The Court denied the motion and, on May 22, 2018, the Court converted the Debtors' bankruptcy cases from chapter

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Motion to Substitute Chapter 7 Trustee as Real Party in Interest* filed contemporaneously herewith.

11 to chapter 7 proceedings [Case No. 08-11006, at D.I. 1805].  The Trustee was appointed on

June 5, 2018 [Case No. 08-11006, at D.I. 1807].

## SUMMARY OF THE ARGUMENT

Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein by Rule 7025 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee should be substituted for the Committee as the real party in interest to assert and prosecute the claims and causes of action against Defendants in the Complaint, as those claims and causes of action were brought on behalf of the Debtors and constitute property of the Debtors' bankruptcy estates.

## CONCISE STATEMENT OF FACTS

The Committee's Complaint asserts thirty-four (34) causes of action against Defendants, primarily seeking avoidance of transfers pursuant to Sections 544(b), 547, 548, and 550 of the Bankruptcy Code and corollary state law, as well as equitable subordination under Section 510 of the Bankruptcy Code.  *See generally* D.I. 43.  By the Complaint, the Committee also objects to the proofs of claim filed by Sun.  *Id.*  During the pendency of the Action, the Court converted the Debtors' bankruptcy cases from chapter 11 to chapter 7 proceedings.  *See* Case No. 08-11006, at D.I. 1805.  The Trustee was appointed on June 5, 2018.  *See* Case No. 08-11006, at D.I. 1807.

## ARGUMENT

Federal Rule 25(c) and the settled case law of this Circuit support the substitution of the Trustee for the Committee as the real party in interest to continue the prosecution of the Complaint.  Federal Rule 25(c), made applicable herein by Bankruptcy Rule 7025, provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless

3

the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

A motion to substitute under Federal Rule 25(c) is addressed to the sound discretion of the court. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993). "[S]ubstitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case." *Id.* at 71-72. Further, "Rule 25(c) . . . is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Pacamor Bearings v. Minebea Co.*, 892 F. Supp. 347, 360 (D.N.H. 1995) (citation omitted).

It is well settled that upon conversion of a bankruptcy case from chapter 11 to chapter 7, and the concomitant appointment of a chapter 7 trustee, the trustee steps into the shoes of the debtor with respect to all rights, responsibilities, and liabilities. *In re Rachles, Inc.*, 131 B.R. 782 (Bankr. D.N.J. 1991). In *Rachles*, the court thus permitted the chapter 7 trustee to be substituted as plaintiff in an adversary proceeding in the place of the creditors' committee which had filed the adversary proceeding on behalf of the debtor when the case was still proceeding under chapter 11. *Id.* at 785 (holding that "it is entirely appropriate" to substitute the trustee for the committee in litigation commenced by the committee on behalf of the debtor before conversion). As here, the claims brought by the committee in *Rachles* primarily sought avoidance of fraudulent transfers. Fraudulent transfer claims constitute property of the Debtors' estate which the Trustee has standing to prosecute. *See, e.g., Claridge Assocs., LLC v. Schepis (In re Pursuit Capital Mgmt., LLC)*, 595 B.R. 631, 656 (Bankr. D. Del. Nov. 2018) ("In both §§ 544 and 548, the power and duty to bring fraudulent transfer actions is vested in a trustee.").

4

Substitution is warranted here because the Trustee's interests—notable among them, recovering assets for the Debtors' estates—are perfectly aligned with those the Committee had when it "challenged" Defendants' claims and liens and sought to avoid transfers made to them. Accordingly, the Trustee succeeds to the rights and positions of the Committee on behalf of the Debtors with respect to the Action now that these cases are being administered under chapter 7. As the Trustee is the real party in interest to prosecute this Action, granting the substitution of the Trustee for the Committee as plaintiff will facilitate the orderly administration of justice by allowing the Action to be decided on the merits. Moreover, there will be no prejudice to Defendants occasioned by the substitution.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that this Court enter an Order: (i) substituting the Trustee for the Committee as the real party in interest to assert the claims and causes of action set forth in the Complaint against Defendant; and (ii) granting such other and further relief as the Court deems just a proper. A proposed form of Order is submitted herewith.

Dated: April 12, 2019
     Wilmington, Delaware

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

     */s/ Michael J. Barrie*
Michael J. Barrie (No. 4684)
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

*Special Litigation Counsel for George L. Miller, Chapter 7 Trustee*